# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 17-2639-FMO (AGR) | Date | June 26, 2017 |
|---|---|---|---|
| Title | Charles Keller Cooper Jr. v. Sergeant Toms, et al. | | |

| Present: The Honorable | Alicia G. Rosenberg, United States Magistrate Judge | |
|---|---|---|
| Marine Pogosyan | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| not present | None |

**Proceedings:** **In Chambers: ORDER TO SHOW CAUSE WHY SOLE NAMED DEFENDANTS, AND THE ACTION, SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO PROVIDE INFORMATION NECESSARY FOR SERVICE OF PROCESS**

On April 6, 2017, Plaintiff, a state inmate proceeding *pro se*, filed a civil rights complaint alleging abuse by five Los Angeles County jail deputies. Plaintiff identifies only two, Sergeant Toms and Deputy McClain; the other three are sued as Unknown Deputies 1, 2, and 3. On April 13, 2017, the Court issued an order directing the U.S. Marshal to serve process on Toms and McClain in their individual and official capacity.

The process receipts filed on June 16, 2017 indicate that neither Toms nor McClain could be served because, "per LASD: need additional information to confirm correct employee." (Dkt. Nos. 10, 11, 12, 13.)

"If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

An "incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint" after "having provided the necessary information to help effectuate service" under 28 U.S.C. § 1915 and Rule 4. *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir.1990); *see also Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir.1994), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-2639-FMO (AGR) | Date | June 26, 2017 |
|---|---|---|---|
| Title | Charles Keller Cooper Jr. v. Sergeant Toms, et al. | | |

When service cannot be accomplished due to the pro se plaintiff's failure to provide sufficient information to identify or locate the defendant, and the plaintiff fails to remedy the situation after being put on notice, dismissal without prejudice is appropriate. *Id.* at 1421-22.

Plaintiff may be able to obtain further identifying information about Toms, McClain, and the Unknown defendants by propounding discovery, such as a subpoena issued – after Court approval – to the Los Angeles County Sheriff's Department.

IT IS ORDERED that Plaintiff shall show cause in writing, ***on or before July 26, 2017,*** why the Defendants should not be dismissed from this action without prejudice pursuant to Rule 4(m). Plaintiff should provide any additional information he has about Toms, McClain, and the Unknown defendants so that they can be served with process.

Initials of Preparer    mp