# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-2639-FMO (AGR) | Date | July 12, 2018 |
|---|---|---|---|
| Title | Charles Keller Cooper Jr. v. Sergeant Toms, et al. | | |

| Present: The Honorable | Alicia G. Rosenberg, United States Magistrate Judge | |
|---|---|---|
| Karl Lozada | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | None |

**Proceedings:**     **In Chambers: ORDER TO SHOW CAUSE WHY DEPUTIES THOMPSON AND BROWN SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO PROVIDE INFORMATION NECESSARY FOR SERVICE OF PROCESS**

On May 24, 2018, Plaintiff, a state inmate proceeding *pro se* and in forma pauperis, filed the operative First Amended Complaint ("FAC"). He alleges violations of his civil rights by Los Angeles County jail deputies identified as "Sergeant Thompson," "Leonetti," and "Sergeant Brown," sued in their individual and official capacities. He also sues Jim McDonnell, head of the Los Angeles County Sheriff's Department ("LASD"). As of July 12, 2018, the docket reflects that no defendant has been served with process or has appeared, although the Court has served two subpoenas on the LASD at Plaintiff's request seeking identifying information about the deputy defendants' true names.

On June 8, 2018, the Court issued an order directing the U.S. Marshal to serve process on Defendants Brown, Leonetti, McDonnell, and Thompson. (Dkt. No. 64.) The docket currently reflects no result from the attempts at service on McDonnell or Leonetti, but it does reflect a failed attempt to serve Brown and Thompson. Specifically, the process receipts filed on June 27, 2018 indicate that neither Brown nor Thompson could be served because, "per LASD: Unable to identify correct employee with limited information provided." (Dkt. Nos. 74, 75, 76, 77.)

As the Court previously has advised Plaintiff: "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

An "incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint" after "having provided the necessary

### CIVIL MINUTES - GENERAL

| Case No. | CV 17-2639-FMO (AGR) | Date | July 12, 2018 |
|---|---|---|---|
| Title | Charles Keller Cooper Jr. v. Sergeant Toms, et al. | | |

information to help effectuate service" under 28 U.S.C. § 1915 and Rule 4. *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir.1990); *see also Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir.1994), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995)).

When service cannot be accomplished due to the pro se plaintiff's failure to provide sufficient information to identify or locate the defendant, and the plaintiff fails to remedy the situation after being put on notice, dismissal without prejudice is appropriate. *Walker,* 14 F.3d at 1421-22.

Plaintiff may be able to obtain further identifying information about Brown and Thompson via a third subpoena, upon Court approval, directed to the LASD. Also, if and when McDonnell or Leonetti has been served with process, Plaintiff may serve "party discovery," such as interrogatories and requests for production of documents, on the latter defendants.

IT IS ORDERED that Plaintiff shall show cause in writing, ***on or before August 10, 2018,*** why Brown and Thompson should not be dismissed from this action without prejudice pursuant to Rule 4(m). Plaintiff should provide any additional information he has about Brown and Thompson so that they can be served with process.

Initials of Preparer    kl